# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| ROBERT HIGH, | ) | |
| Petitioner, | ) | 2:11-cv-00454-JCM-LRL |
| vs. | ) | **ORDER** |
| DWIGHT NEVENS, *et al.*, | ) | |
| Respondents. | ) | |

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner.

Petitioner has filed a motion to proceed *in forma pauperis*. (ECF No. 1). The motion to proceed *in forma pauperis* is incomplete, and is denied on that ground.

A petitioner must first present his grounds for relief to a state court before a federal court may review the merits of the issues he raises. To exhaust a claim, petitioner must have "fairly presented" that specific claim to the Supreme Court of Nevada. *See Picard v. Conner*, 404 U.S. 270, 275-76 (1971); *Schwartzmiller v. Gardner*, 752 F.2d 1341, 1344 (9th Cir. 1984). A federal court cannot hear a mixed petition that contains both exhausted and unexhausted claims for habeas corpus relief. *Rose v. Lundy*, 455 U.S. 509, 521-22 (1982); *Szeto v. Rusen,* 709 F.2d 1340, 1341 (9th Cir. 1983).

If a single one of the claims in the petition is unexhausted, the court is obliged to dismiss the petition for lack of exhaustion.

Upon reviewing the petition in this case, the court concludes that petitioner's claims are unexhausted. Petitioner admits that he has filed an appeal from the denial of his state habeas corpus petition, and that the appeal is still pending in the Nevada Supreme Court. (Petition, at pp. 1- 2). Because petitioner has not exhausted his grounds for relief in state court, this action shall be dismissed.

In order to proceed with any appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.*

Pursuant to the December 1, 2009, amendment to Rule 11 of the Rules Governing Section 2254 and 2255 Cases, district courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed. Rule 11(a). This court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard. The court will therefore deny petitioner a certificate of appealability.

1 **IT IS THEREFORE ORDERED** that the application to proceed *in forma pauperis* (ECF No. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies. If and when petitioner exhausts his state court remedies, he may file a new habeas petition in a new action.

**IT IS FURTHER ORDERED** that petitioner's motion for the appointment of counsel (ECF No. 2) is **DENIED.**

**IT IS FURTHER ORDERED** that petitioner's motion for a stay (ECF No. 3) is **DENIED.**

**IT IS FURTHER ORDERED** that petitioner is **DENIED** a certificate of appealability.

**IT IS FURTHER ORDERED** that the clerk shall enter judgment accordingly.

DATED this 1st day of April, 2011.

_____
UNITED STATES DISTRICT JUDGE